Mathews, J.
delivered the opinion of the court. This is a suitcommenced by attachment, *703 in which a counsellor and attorney who had collected, by due course of law, money for the defendants, is made garnishee. It appears by his answer, that the funds of the defendants came into his hands only one day before the levy of the attachment ; that he claims for himself, and G. Eustis, his former partner in the practice of the law, a right to retain two hundred dollars of said money, as a compensation for professional services; that the balance he holds subject to the order of Mark Trafton ; and that he is informed and believes, that said sum had been (long since) assigned to one Dellingham, &c. The evidence in support of the claim of this assignee, who has intervened in the present case, establishes the following facts :—1 that certain notes were placed in the hands of Eustis and Livermore, for collection, at the request of the defendants; that Dellingham, who it appears, handed the notes to the attorneys, was authorized to assign two hundred dollars arising from said collection to a third person, which was done, and the assignment of that sum finally ensued to the benefit of one Phelps who has also intervened in the present case; and that an order, in favour of the claimant *704 Dellingham, was drawn by the defendants on G. Eustis, for the balance of the money which might be obtained from the collection of said notes, after deducting the previous assignment of two hundred dollars, which order was verbally accepted by the latter, the amount to be paid on condition of the money coming into his hands; which never happened ; but was received by his partner Livermore, as appears by his answer, and with a knowlege of the previous assignment by Trafton to Dillingham.
*703 East'n District.
Feb. 1823.
*704 On these facts the district court gave judgment in favour of the claimants, from which the plaintiff appealed.
Two bills of exceptions were taken by the plaintiff in the course of the trial of the cause in the court below; one to the introduction in evidence of the order from Trafton to Eustis, as not being a legal mode of cession or assignment of a debt, and another to the proof of said order by parol testimony. As to the first, it is believed that no particular form, and specific instrument in writing is required in the assignment or transfer of debts. It may as well be done by an order on the debtor to pay a third person, as by giving the title or *705 evidence of the debt; and as to the objection to proving the order by parol, it is sufficient to observe, that we believe it to be the uniform and established practice, to make proof in this manner in all commercial transactions, which relate to bills of exchange, orders, or notes of hand; by proving the hand-writing of the parties concerned in uttering them.
But the appellant insists on a preference being given to his attachment, over the rights setup by the claimants, on the ground that no legal notice had been given to the debtor, of the assignment and transfer of the debt, previous to the service of the writ; and that such notice has not been given. His counsel rely on the provisions of the Civil Code, made in relation to the assignment and transfer of debts, 368, art. 122. According to this article of our Code; the transferor is only possessed as it regards third persons, after notice has been given to the debtor, of the transfer having taken place. The transferor may, however, become possessed by the acceptance of the transfer, by the debtor, in an authentic act.— By this law it is clear, that after proper notice to the debtor of a transfer of his debt, the transferor is possessed of the original credi *706 tor’s rights, against said debtor, and also against third persons, provided there be no fraud in the transfer. The corresponding word in the French text of the Code, to the word notice in the English, is signification, which the plaintiff's counsel asserts to be technical in in its effects, and must be served on the debtor in a particular manner ; that is, by the ministry of an officer.
In support of this doctrine, we are referred to the 1690th article of the Code Napoleon, which is verbatim the 122d of our Code above cited. It does appear, from other authorities on the laws of France, to which we are also referred, that in the administration of justice, according to the usages of that kingdom, signification must be made of a transfer of debts by officers whose peculiar duty it is to give such notice. But in the state of Louisiana such formality cannot be required, because there are no ministerial officers of justice, who can be compelled to perform services of that kind. And therefore no such technical force can be given to the word notice, or signification, as does perhaps prevail in France.
No evidence of a higher or more authentic nature ought to be required, to establish the *707 fact of notice to a debtor, of the transfer of his debt, than would be sufficient to prove any other fact, in support of the claim of a suitor, and which must be done in conformity to the rules of evidence, as fixed by our jurisprudence.
An acceptance of the transfer by the debtor, in an authentic act, gives possession of the debt to the transferor. Now, because the expression authentic act, is used in the Code, the plaintiff's counsel would infer that any other mode of acceptance would not produce the same effect, considering the expression of this mode as excluding all others. We are of a different opinion. Notice to a debtor appears to be required by law, to prevent an improper payment after the debt has been transferred, and protect and secure the rights of the transferor. An agreement by the debtor, to pay to the transferor, is such an acceptance of the transfer by the former, as necessarily involves notice, and consequently, secures the rights of the latter against all persons.
In the present case, the evidence fully establishes the fact, that Trafton’s attorneys agreed to pay to the claimants, the amount by him ordered, when the money should be col *708 lected, which did not take place until long after the date and acceptance of his order.— The attorneys were, therefore, debtors only conditionally, viz.— in the event, of recovering the money of their client. The latter was free to direct its appropriation in anticipation of collection; and the persons to whom payment was ordered,after acceptatance by his agents, held a vested right in the debt, subject however to the condition of said acceptance.
Hawkins for the plaintiff, Livermore for the defendants.
From that period Trafton’s attorneys, thus charged with the collection, may be considered as trustees for the claimants, who had a vested interest; and consequently, the funds thus transferred were not subject to the plaintiff’s attachment. See 4 Dallas’ Reports, 281.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.