### BLOODGOOD ET AL. *vs.* HAWTHORN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plea of the general issue, which puts at issue all the facts, on the proof
    of which rests the plaintiff's right to recover, is not waived by a subsequent
    plea, which sets up the defendant's agency, as a defence against the
    action.    The two pleas are not inconsistent.

A person having a right to draw a bill of exchange, in consequence of
    engagements between him and the drawee, or in consequence of consign-
    ments made to the drawee, or from any other cause, ought to be consi-
    dered as drawing upon funds in the hands of the drawee, and not as
    coming within the exception, that the drawer without funds in the hands
    of the drawee, is not entitled to notice of non-acceptance and dishonor of
    his bill.

The drawer of a bill when sued by the holder, is entitled to notice of its
    non-acceptance and dishonor; or by averments in the pleadings and

notice at the trial, of the intention of his adversary to hold him liable, on the ground that he drew without authority, and without funds in the hands of the drawee, notwithstanding the want of notice.

EASTERN DIST.
January, 1836.

BLOODGOOD
ET AL.
vs.
HAWTHORN.

This is an action on a bill of exchange. The plaintiffs are the endorsers and holders of a bill for two thousand dollars, drawn by the defendant in Mobile, on one George Chanee, in New-York, in favor of J. Stocking, jr., and by him endorsed in blank, payable seven months after date of the 16th October, 1829.

The plaintiffs allege, that demand both for acceptance and payment, was duly made on the drawee, who refused to accept and pay the same, of which due notice was given to the defendant; that he is liable to pay the amount of the bill, with damages, interest and costs, for which they pray judgment.

In a supplemental petition, the plaintiffs allege the loss of the protest accompanying the bill, and that the notary has removed, so as to put it out of their power to procure evidence of the protest. They propound an interrogatory to the defendant, to say if he had not received the letter of the notary, advising of the protest for non-acceptance of his bill.

The defendant pleaded a general denial, and averred that he drew the bill sued on, as agent of a salt company, which fact of his agency, he avers, was notorious, and well known to the plaintiffs before they took the bill.

Upon these pleadings, the district judge was of opinion, the evidence adduced, established the plaintiffs' claim to the amount demanded in the petition. Judgment was rendered accordingly. The defendant appealed.

*Peirce*, for the plaintiff.

*Gray*, for the appellant, contended,

1. Notice of non-acceptance must be given to the drawer of a bill, or he is discharged from all liability. *Chitty on Bills, and cases there cited.*

2. Notice was alleged, and must be proved if denied, or else the plaintiff's case is not made out. In this case there is

EASTERN DIST.
January, 1836.

BLOODGOOD
ET AL.
vs.
HAWTHORN.

no proof of notice.  9 *Martin*, 468.  4 *Ibid.*, *N. S.*, 516. 9 *Martin*, 585.  10 *Ibid.*, 707.  7 *Ibid.*, 562.

3. There is no law requiring a special plea of want of notice before plaintiff can be called upon to prove it.  It is averred in the petition as among the conditions which executed give the right of action, and it must be proved unless admitted in the answer.

4. The plea of the general denial puts all matters at issue averred in the petition, unless in those cases where the matter, if pleaded, would constitute a dilatory exception.  *Curia Philip. Citaccù, Nos.* 2 *and* 3.  2 *Martin, N. S.*, 389.  5 *Louisiana Reports,* 405, or in others where positive legislation has interfered and required it as in the cases of promissory notes where the signature is to be proved.  8 *Martin, N. S.*, 300.  1 *Louisiana Reports,* 488, &c.

5. All the above are instances (together with those in cases of an amicable demand) which come under the denomination of exceptions, either dilatory, declinatory or peremptory. When an answer is made to the merits, it is sufficient to deny generally.  *Code of Practice,* 323, 331, 27.  The answer of the want of notice would not make an exception dilatory, declinatory or peremptory ; it will be tried upon the merits, and therefore cannot require a special plea, according to our system of pleading.

6. The fact of a special plea being made in the answer, does not affect the denial made by the general issue.  3 *Martin, N. S.*, 223.

7. The Supreme Court will not regard the judgment of the court *a quo*, as to the facts, where the evidence is wholly documentary.  8 *Martin, N. S.*, 689.

*Bullard, J.,* delivered the opinion of the court.

This is an action by the endorsee of a bill of exchange against the drawer.  The plaintiffs allege that the bill was presented both for acceptance and payment, and on non-acceptance, was duly protested, and due notice of its dishonor given to the defendant.

EASTERN DIST.
January, 1836.

BLOODGOOD
ET AL.
vs.
HAWTHORN.

The defendant, in his answer, denied all the allegations in the petition, except such as were specially admitted, and he goes on to admit that he drew the bill, but avers that he drew it as agent of the Alabama Salt Manufacturing Company, and that his agency was notorious both in New-York and Mobile, and was well known both to the payee and to the present holders, then resident at Mobile where the bill was drawn.

The defence on the ground of agency has been abandoned in the argument, the defendant having failed to show that the plaintiffs took the bill with a knowledge that it was drawn by him in that capacity, although it appears to have been known by the original payee, and he relies on the general denial and the absence of all proof of notice to him of the non-acceptance or non-payment as alleged in the petition.

It is sufficiently shown that the bill was presented and duly protested, but there is no evidence that notice was given to the drawer. Without such evidence the plaintiffs are not entitled to recover, unless they bring their case within the exceptions to a general rule of law. We are of opinion that the general denial, which clearly puts at issue all the facts, on the proof of which rests the right of the plaintiffs to recover, is not waived by the subsequent part of the same answer, which sets up the defendant's agency as a defence against the action. The two pleas are not inconsistent with each other. 3 *Martin, N. S.*, 270.

But it is contended by the appellees, that the record exhibits sufficient evidence that the drawer had no funds in the hands of the drawee, and that they are in such case excused from giving notice. Most of the leading cases in the books in which this matter of exception to the general rule has been considered and adjudicated upon, underwent a searching review by the Supreme Court of the United States, in the case of *French* vs. *The Bank of Columbia.* Chief Justice Marshall, in delivering the opinion of the court in that case, says, " It would seem to be the fair construction of these cases, that a person having a right to draw in consequence of engagements between himself and the drawee, or in conse-

*The plea of the general issue, which puts at issue all the facts on the proof of which rests the plaintiff's right to recover, is not waived by a subsequent plea which sets up the defendant's agency as a defence against the action. The two pleas are not inconsistent.*

*A person having a right to draw a bill of exchange, in consequence of engagements between him and the drawee, or in consequence of consignments made to the drawee, or from any other cause, ought to be considered as drawing upon funds in the hands of*

Eastern Dist.
January, 1836.

BLOODGOOD.
ET AL.
vs.
HAWTHORN.

the drawee, and
not as coming
within the ex-
ception, that the
drawer without
funds in the
hands of the
drawee, is not
entitled to notice
of non-accep-
tance, and disho-
nor of his bill.

The drawer of
a bill, when sued
by the holder, is
entitled to notice
of its non-accep-
tance and disho-
nor, or by aver-
ments in the
pleadings and
notice at the tri-
al, of the inten-
tion of his adver-
sary to hold him
liable, on the
ground that he
drew without au-
thority and with-
out funds in the
hands of the
drawee, notwith-
standing the
want of notice.

quence of consignments made to the drawee or from any other cause, ought to be considered as drawing upon funds in the hands of the drawee, and therefore as not coming within the exceptions to the general rule." 4 *Cranch*, 156.

According to this opinion, which we consider as of the highest authority, it is rather too vague to say that the holder is not bound to give notice to the drawer merely for want of actual funds, when he might have it in his power to show that in consequence of previous arrangements he was autho- rised to draw. The judges of England are constantly expressing their regret that such an exception was ever tolerated, and their determination not to extend it any further, and lord Kenyon stated as the reason for the the exception, "because the drawer must know that he had no right to draw on the drawee." The evidence on this point came out incidentally, and the defendant had no opportunity to show all the circumstances under which he drew, and whether even without actual funds he had not an interest in being notified of the dishonor of his bill, more especially as he drew with directions to charge "as advised."

Not only is the evidence indirect and incidental, but the plaintiffs go counter to their own averment, that due notice was given, and although we are not prepared to say that direct evidence of a want of authority to draw, and want of funds, would be inadmissible under the pleadings in this case, yet we are of opinion that the defendant is entitled to some notice before or on trial of the intention of his adversary to hold him liable on that ground, notwithstanding the want of notice. Without such notice he cannot shape his defence to meet an unexpected attack. It is possible the defendant may have shown that he was not without authority to draw at all, and therefore, according to the dictum of lord Kenyon was entitled to notice. It is shown that the draft was given to discharge a debt by the Salt Manufacturing Company, and that the defendant read to the original payee part of a letter authorising him to draw. Although this fact has no bearing upon the case, as between the present holder without notice of the capacity in which the bill was drawn, yet it

might tend to show that the defendant had an interest in being notified of the dishonor of his bill.

Upon the whole, we do not consider the evidence sufficiently full and explicit to take the case out of the general rule, and to authorise us to class it under the exception.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and ours is in favor of the defendant as in the case of a non-suit, with costs in both courts.