WESTERN DIST.
September, 1840.

WILLIAMS
*vs.*
BRASHEAR.

</div>

---

## WILLIAMS *vs.* BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE THEREOF PRESIDING.

In an application for a new trial, on the ground of newly discovered evidence, in the absence of the party, the attorney who conducts the suit is competent to make the necessary affidavit, when the facts are within his knowledge.

So, in an action against the drawer of a bill, where the attorney swears that since the trial he has discovered a certain person who will prove that the defendant had sufficient funds in the hands of the acceptors to pay the bill, it is good grounds for a new trial.

This is an action against the drawer of a bill of exchange.

The defendant, at New-Orleans, 12th of May, 1834, drew his draft for one thousand seven hundred and twenty-three dollars and seventy-four cents, on Bemiss, Brashear & Co., of Franklin, in the parish of St. Mary, payable the 1st of November following, to the order of John B. Bemiss, and by him endorsed. The draft or bill was duly accepted by the drawees, and protested for non-payment; *but no notice was given to the drawer.*

The plaintiff alleges that the said bill was protested for non-payment; that the defendant had no funds in the hands of the drawees from the date to the maturity and protest of said bill, and that he has since promised to pay the same.

The defendant pleaded a general denial ; he denies specially that he had any notice of the protest and dishonor of the bill. That he had sufficient funds, at the time of protest, in the hands of the drawees, to pay the amount of the said bill. He prays that the plaintiff's demand be rejected. On these pleadings and issues the parties went to trial. The evidence of two book-keepers of the firm of Bemiss, Brashear & Co., shows that from the beginning of the year 1834, up to the 1st of November, when the bill sued on became due, the defendant had, according to the books, *no funds* in the hands of the drawees ; that, on the contrary, there was a balance against him. There was general dealings between defendant and the drawees. It appeared, however, that this bill was not entered on the books as having been accepted by the firm of Bemiss, Brashear & Co., and that the acceptance was in the hand-writing of Bemiss, the leading member of the firm, but was made in New-Orleans. There was no notice of protest shown to have been given to the defendant, and none was given.

On the whole evidence adduced, there was judgment for the amount of the bill sued on. The defendant's counsel moved for a new trial, on the grounds of newly discovered evidence, and in the absence of his client offered his own affidavit of the fact. He states that every effort was used to procure the necessary testimony. That since the trial it came accidentally to his knowledge, in the absence of the defendant, that one John Lay, can and will prove, that the drawees and acceptors of the bill had funds belonging to the defendant, sufficient to pay it, at the time it became due. That at the time of the acceptance, the defendant had sold his crop of molasses to the acceptors for a very large sum to be paid in the fall, by the acceptance of drafts to become due in the fall of 1834.

The motion for a new trial was overruled, and the defendant appealed.

*Morse,* for the plaintiff, insisted on the affirmance of the judgment. The motion for a new trial was properly

overruled. The attorney was incompetent to make the affidavit, and it is not shown that proper diligence was used to get the testimony alleged to have been discovered, by the attorney, since the trial. This witness must have been known to the defendant, and'his testimony, with proper diligence, might have been had. *Code of Practice*, 561. 6 *Martin*, *N. S.*, 327. 10 *Martin*, 81. 10 *Louisiana Reports*, 371.

2. It is fully proved that the defendant had no funds in the hands of the acceptors, at any time from the drawing to the maturity of this bill ; and he was not entitled to notice. 3 *Martin*, *N. S.*, 147. *Chitty on Bills.*

*Dwight*, for the defendant, submitted the case on an asignment of errors of fact and law.

That he had no notice of the dishonor of the bill sued on, and none has been shown ; consequently he is not liable.

2. That acceptance by drawees is full and complete proof that he had funds in their hands, and that the failure of the drawees books to show that fact, can have no effect against a positive presumption of law ; especially when, as in this case, the failure to charge the defendant with this draft on acceptance, shows that the books were incorrectly kept.

*Martin, J.*, delivered the opinion of the court.

We have not attended to the merits of this case, it appearing to us that the District Court erred in refusing the new trial.

The defendant being absent, his attorney made a formal affidavit, stating newly discovered evidence, which came accidentally to his knowledge since the trial, to wit : that one John Lay, is able to prove that the defendant, who *is sued on a bill of exchange*, at the maturity of the bill, had sufficient funds for its payment in the hands of the acceptors. The affidavit contains all the averments requisite to sustain an application for a new trial, in a case like the present. If there ever was any doubt that, in the absence of the client, the attorney who conducts the suit may make his affidavit of facts immediately in his own knowledge, that doubt has

WESTERN DIST.
September, 1840.

WILLIAMS
vs.
BRASHEAR.

In an application for a new trial, on the ground of newly discovered evidence, in the absence of the party, the attorney who conducts the suit is competent to make the necessary affidavit, when the facts are within his knowledge.

been removed by an act of the legislature, approved March 20th, 1839, *section*, 16 ; which provides "that in all cases where by any provision of the Code [of Practice] an oath of a party is required, it may (in the *absence of the party*) be made by his agent or *attorney* ; and in such case it shall be sufficient for the agent or attorney to swear to the best of his knowledge and belief."

So, in an action against the drawer of a bill, when the attorney swears that since the trial he has discoverd a certain person who will prove that the defendant had sufficient funds in the hands of the acceptors to pay the bill, it is good grounds for a new trial.

The law never requires what is impossible. A motion for a new trial must be made within three days after the rendition of the judgment. If the party be absent, he must be without remedy, if the affidavit of evidence discovered within these three days cannot be made by his agent or attorney who made the discovery. Necessity justifies whatever it commands. He who has been convicted of perjury may make the affidavit necessary to obtain a continuance, new trial or injunction, in his own case, so much does the law abhor a failure of justice.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded for a new trial; the plaintiff and appellee paying the costs of appeal.