WESTERN DIS.
September, 1841.

WILLIAMS
vs.
BRASHEAR.

## WILLIAMS vs. BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

It is not sufficient to show, that in point of fact no damage was sustained by the neglect of the holder of a bill of exchange, to give notice of its dishonor, in order to hold the drawer liable after its acceptance.

Where the drawer has no funds in the hands of the drawees, and has no right to expect his bill will be paid, there being no commercial transactions between the parties, notice of non-payment and protest is unnecessary.

But where there are running accounts between the drawer and drawees, to induce the former to believe, his bill will be honored, he is entitled to notice of non-payment, although in fact he had no funds in the hands of the drawees.

This suit was instituted on a draft drawn by the defendant on Bemiss Brashear & Co., in favor of the plaintiff, and protested for non-payment at maturity; but no notice of protest was given to the defendant or drawer of the bill. This case has already been before the court. See 16 La. Rep., 77.

On the return of the case, the defendant proved, he had sold his molasses to the drawees at the time the draft was accepted, and had a running account with them; although it did not appear there was any thing due, when the draft was at maturity. There was judgment against the plaintiff; and in favor of the defendant for his costs; the plaintiff appealed.

*Morse*, for the plaintiff.

*Dwight*, for the defendant.

*Bullard, J.* delivered the opinion of the court.

This case was before us at the last term, and was then remanded for a new trial on newly discovered evidence; 16 La. Rep., 77. The result of that trial was a judgment in favor of the drawer of the bill of exchange, on the ground of a want of notice of protest for non-payment; and the plaintiff in his turn has appealed.

WESTERN DIS.
September,1841.

WILLIAMS
vs.
BRASHEAR.

The sole question which the case presents is, whether the defendant, the drawer of the bill, which had been duly accepted, was entitled to notice of the failure to pay by the acceptors at its maturity. It is for the plaintiff to excuse the want of notice, by bringing the case within the exceptions to the general rule.

The evidence shows, that there were dealings between the drawer and acceptors of a mercantile character, and a running account. The books were very loosely kept, but there was always a balance against the defendant. They show no transactions, it is true, between the parties during the time, which elapsed after the date of the bill, and before its maturity. But a witness, sworn on the last trial, deposes, that in the spring of 1834, about the time the bill was drawn, two members of the firm offered to sell to him some molasses, then at Belle Isle, on the plantation of Dr. Brashear, the defendant, which they said they had purchased of him, sufficient in quantity to pay the witness's claim upon the house, which was about $900. He further understood, that in consequence of rains the molasses were lost during that summer, and he was asked to accompany one of the partners in a visit to Dr. Brashear, to ascertain who was to sustain the loss.

It is not sufficient to show, that in point of fact no damage was sustained by the neglect of the holder of the bill, to give notice of its dishonor. The doctrine, well settled at the present day, appears to be, as was substantially recognized by this court in the case of Bloodgood vs. Hawthorn, 9 La. Rep., 124. that if the drawer of a bill of exchange has no funds in the hands of the drawee, and has no right to expect it will be paid, there being no commercial transactions between the parties, notice of non-payment and protest is unnecessary. But when the drawer has a right to expect, that his bill will be honored, as when there are running accounts between the drawer and drawee, he is entitled to notice; although in point of fact he had no funds in the hands of the drawee, when the bill was drawn. The sound sense and justice of the exception are, that when

*Side note:* It is not sufficient to show, that in point of fact no damage was sustained by the neglect of the holder of a bill of exchange, to give notice of its dishonor, in order to hold the drawer liable after its acceptance.

Where the drawer has no funds in the hands of the drawees, and has no right to expect his bill will be paid, there being no commercial transactions between the parties, notice of non-payment and protest is unnecessary.

But where there are running accounts between the drawer and drawees, to induce the former to believe his bill will be honored, he is entitled to notice of non-payment, although in fact he had no funds in the hands of the drawees.

WESTERN DIS. the drawer knew, that he had no right to draw, and has the
September,1841. strongest reason to believe, that the bill will not be paid, the
M'MILLEN motives for requiring notice of the dishonor do not exist, and
*vs.*
M'KEROLL ET AL. his case comes within the reason of the exception. Chitty, on
Bills, 468, in Notes; 10 Peters, 572; 2 Brockenborough's
Circuit Court Reports, 20.

Tested by these principles, it appears to us, that the defend-
ant, in the present case, was entitled to be notified of the dis-
honor of his bill. Not only did there exist commercial deal-
ings between him and the drawees, but the bill was accepted,
and the drawees precluded thereby from denying the right of
the defendant to draw on them, at least so far as it concerns a
holder. We have been referred to no case, which carries the
doctrine so far as to embrace a case like this, although in point
of fact, there was a balance at the time against the drawer.
He had a right to expect, that the bill would be paid at matu-
rity, and was entitled to notice, in order that he might withhold
any funds, destined to reimburse the acceptors.

It is therefore adjudged and decreed, that the judgment of
the District Court be affirmed with costs.