## No. 4699.

## John G. Neely & Co. vs. T. L. Airey & Co.

The defendants received the draft sent to them for collection, accepted the agency, but failed to have protest made and notice given as it was their duty to do. It is shown that, at the time the draft was presented, the drawees had funds of the drawer in their hands, and that the next day they received from him a shipment of cotton.

It was the duty of defendants, as the agents of plaintiffs, to have promptly acted in causing protests to be made and notices given, especially to the drawer of the draft, in order to hold him, but by their laches the plaintiffs have lost their recourse against him upon the draft.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Merrick, Race & Foster*, for plaintiffs and appellants. *Hays & New*, for defendants and appellees.

Taliaferro, J. The defendants are sued for one thousand dollars, with interest from twenty-fifth December, 1871, which indebtedness the plaintiffs allege to have arisen from this cause : They aver that in the capacity of executors of D. S. Stacey, deceased, they were the legal holders of a certain draft for one thousand dollars, drawn on the eighth of December, 1871, by A. N. Gould, on Garrett, Craig & Co., in favor of the plaintiffs, payable five days after sight; that they transmitted the draft to their merchants and agents in New Orleans with instructions to present and collect it, and to place the proceeds to the credit of the estate of D. S. Stacey on their books, and that they accepted the agency. They aver that their merchants received the draft in due time, but that they failed to present it for acceptance and payment in proper time, and failed to have it duly protested for non-acceptance and non-payment, and to have due notice given to the parties for the protection of the rights of the petitioners and others; that by this neglect the petitioners have lost their recourse against the drawer of the draft, and have to seek their recourse against the defendants, who have become liable to the plaintiffs for the amount of the said draft.

The defendants excepted that plaintiffs have no cause of action against them, and answer by general denial.

Judgment was rendered in favor of the defendants, and plaintiffs appealed.

. The case turns mainly on questions of fact. We have examined the evidence without being able to find anything to enable us to concur with the judge *a quo* in rendering judgment in favor of the defendants. They received the draft sent to them, accepted the agency, but failed to have protest made and notice given as it was their duty to do. It is shown that at the time the draft was presented the drawees had funds of the drawer in their hands, and that the next day they received from him a shipment of cotton. It was the duty of defendants, as the agents of plaintiffs, to have promptly acted in causing protests to be made and notices given, especially to the drawer of the draft, in order to hold him, but by their laches the plaintiffs have lost their recourse against him upon the draft. 19 La. 370; 10 Martin 707; 8 L. 552; 11 Rob. 213.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is further ordered that the plaintiff recover from the defendants, *in solido*, viz.: from T. L. Airey, A. T. Janin, and O. Thomes, composing the commercial firm of T. L. Airey & Co., the sum of one thousand dollars, with legal interest from the twenty-fifth of December, 1871, and costs of suit in both courts.

Rehearing refused.